**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ARTUR CURYLLO** | § | |
| | § | |
| **V.** | § | **CIVIL  ACTION  NO.  4:25-CV-1332-P** |
| | § | |
| **BW GAS & CONVENIENCE HOLDINGS,** | § | |
| **LLC, doing business as Yesway** | § | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO COMPEL ARBITRATION**</u>

Pending before the Court is Defendant BW Case & Convenience Holdings, LLC's Motion to Compel Arbitration [doc. 15], filed March 4, 2026.  Having carefully considered the motion, response, reply, sur-reply, and supplemental briefing, the Court **RECOMMENDS** that Defendant's Motion to Compel Arbitration be **GRANTED** and the case be **STAYED** pending arbitration.

Based on the arguments made in Defendant's motion and reply, the Court **FINDS and CONCLUDES** that Plaintiff and Defendant entered into a valid, binding arbitration agreement on April 12, 2024, and the agreement encompasses the present dispute between the parties.[1]  As noted

---

[1] "The [Federal Arbitration Act ("FAA")] reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010).  As such, the FAA provides, *inter alia*, that arbitration provisions in contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Under the FAA, a party is permitted "to file a motion to compel arbitration based on 'the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration.'" *Engebretson v. Randolph-Brooks Fed. Credit Union*, No. 1:23-CV-1002-RP, 2024 WL 2871317, at *1 (W.D. Tex. May 21, 2024) (quoting FAA, 9 U.S.C. § 4).  The FAA has been interpreted to establish a presumption in favor of arbitration.  *See Sullivan v. Feldman*, 132 F.4th 315, 327 (5th Cir. 2025) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.") (internal quotation marks and citations omitted) (alterations in original).

The Fifth Circuit has set forth "a two-step analysis for adjudicating a motion to compel arbitration." *Herod v. DMS Sols. Inc.*, No. 4:23-cv-04465, 2024 WL 4881439, at *3 (S.D. Tex. Nov. 25, 2024); *see Will-Drill Res., Inc. v. Samson Res, Co.*, 352 F.3d 211, 214 (5th Cir. 2003).  In the first-step of the analysis, "a court must determine whether the parties agreed to arbitrate the dispute." *Will-Drill Res., Inc.*, 352 F.3d at 214.  This first step is broken down into two inquiries: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* (internal quotations marks and citations omitted).  "Beyond this analysis, the courts generally do not delve further into the substance of the parties' dispute." *Dealer Comput. Servs., Inc., v. Old Colony Motors, Inc.*, 588 F.3d 884, 886-87 (5th Cir. 2009).  In the second-step of

1

by the Court in its May 13, 2026, Order Regarding Defendant's Motion to Compel Arbitration and Requiring Additional Briefing [doc. 24], the only issue preventing the Court from recommending granting Defendant's Motion to Compel Arbitration was Plaintiff's recollection "regarding an additional or revised arbitration-related document." (Court's May 13, 2026 Order at 1 (internal quotation marks and citations omitted).) Therefore, the Court ordered the parties to submit additional briefing that addressed "Plaintiff's claim that there is a subsequent binding arbitration agreement between the parties and the effect of such document, if it exists, on Defendant's Motion to Compel Arbitration." (*Id*. at 2.)

Defendant submitted additional briefing on May 27, 2026 [doc. 25], which, *inter alia*, stated:

1. Shortly before Artur Curyllo began his employment with Yesway in April 2024, Yesway began implementing a requirement that all employees sign a binding arbitration agreement. Yesway rolled out this requirement in two phases, first to new hires during the onboarding process, then to existing employees.

2. On April 12, 2024, Curyllo signed the arbitration agreement during his onboarding process.

3. Shortly after Curyllo signed the agreement, Yesway rolled out the arbitration agreement to all current employees. Specifically, Yesway required all employees to log into their UKG[2] accounts and digitally acknowledge the agreement. In the interim, Curyllo had become an active employee, so he also received this request. On April 23, 2024, Curyllo acknowledged receiving the same arbitration agreement that he signed during onboarding.

4. The agreement that Curyllo signed on April 12, 2024, is identical to the agreement that, on April 23, 2024, Curyllo acknowledged receiving.

---

the analysis, "a court must determine whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Long v. Manhattan Nursing and Rehab. Ctr., Inc.*, No. 3:21-cv-00090-TSL-RPM, 2021 WL 1269900, at *1 (S.D. Miss. Apr. 6, 2021) (internal quotation marks and citations omitted); *see Dealer Comput. Servs., Inc.*, 588 F.3d at 886 ("Courts perform a two[-]step inquiry to determine whether to compel a party to arbitrate: first whether parties agreed to arbitrate and, second, whether federal or state policy renders the claims nonarbitrable.").

[2] UKG is "Yesway's human resources information system." (Defendant's Appendix in Support of Its Supplemental Brief in Support of Its Motion to Compel Arbitration ("Def.'s App. in Supp. of Suppl. Br.") at 3.)

(Defendant's Supplemental Brief in Support of Its Motion to Compel Arbitration ("Supplemental Brief") [doc. 25] at 1-2 (internal citations omitted).)   In support, Defendant attached a Supplemental Declaration of Bonnie Ascioto, Defendant's Director of Corporate HR; a copy of the identical Binding Arbitration Agreement acknowledged by Plaintiff on April 23, 2024, the acknowledgement status regarding Plaintiff's receipt of the identical Binding Arbitration Agreement, and a summary of Plaintiff's document acknowledgements exported from Plaintiff's employee portal.[3]  (*See* Def's App. in Supp. of Suppl. Br. at 1-9.)

Thereafter, on June 1, 2026, Plaintiff filed his Response to Defendant's Supplemental Brief [doc. 27], in which he argues, *inter alia*, that Defendant's evidence reveals procedural distinctions that remain unresolved.  (Plaintiff's Response to Defendant's Supplemental Brief ("Pl.'s Resp. to Suppl. Br.") at 2-3.)  Specifically, Plaintiff argues that "[t]he present record does not explain the legal significance of requiring existing employees to complete that separate process, whether employees were being asked merely to acknowledge receipt of an existing agreement, or whether they were being asked to manifest assent through the company-wide rollout." (*Id*. at 3.)  Plaintiff claims that "unresolved questions further support Plaintiff's request for narrowly tailored discovery." (*Id*.)

The Court disagrees.  While Plaintiff tries to manufacture reasons why he should not be required to arbitrate this dispute pursuant to the Binding Arbitration Agreement that he signed on April 12, 2024, and acknowledged receiving on April 23, 2024, such arguments are insufficient to show that Plaintiff did not validly, voluntarily, and with informed consent enter into and execute

---

[3] Defendant further explained that Plaintiff's "signed agreement from April 12, 2024, does not appear in [the summary of Plaintiff's document acknowledgements] because it was completed in a different module within UKG specifically for new hires, rather than current employees." (Def.'s App. in Supp. of Suppl. Br. at 3.)  The Court notes that Defendant attached a copy of the Binding Arbitration Agreement signed by Plaintiff on April 12, 2024, to its Motion to Compel Arbitration.  (Defendant's Motion to Compel Arbitration at Appendix A.)

the Agreement to Arbitrate and that Plaintiff's claims asserted in this lawsuit against Defendant fall within the scope of the Agreement to Arbitrate. *See  Will-Drill Res., Inc.*, 352 F.3d at 214.  In addition, as Plaintiff has failed to raise any arguments regarding whether federal or state policy renders the claim the claims non-arbitrable, the **FINDS and CONCLUDES** that Defendant's Motion to Compel Arbitration should be **GRANTED** and this case should be **STAYED**[4] while the arbitration proceedings are pending.  *See Dealer Comput. Servs., Inc.*, 588 F.3d at 886.

**RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS** that Defendant's Motion to Compel Arbitration [doc. 15] be **GRANTED** and the case be **STAYED and ADMINISTRATIVELY CLOSED** pending the completion of the arbitration proceedings.

**NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions

---

[4] The Court notes that, in applying the FAA, "[w]hen a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does *not* have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024) (emphasis added).

4

accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 2, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered cause previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 18, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE